IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig E. Ellerbe, Jr., ) | C/A No.: 1:20-1630-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Lieutenant Larry Cook, ) | |
| Corrections Officer Raycharm J. ) | |
| Burkett, Corrections Officer ) | ORDER |
| Thomas M. Pattman, Corrections ) | |
| Officer Micquel X. Cleveland, ) | |
| Corrections Officer James E. ) | |
| Henderson, II, Corrections Officer ) | |
| Martin A. Delk, and Warden ) | |
| Michael Stephan, each in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Craig E. Ellerbe, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 and South Carolina law, alleging violations of his rights while an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") against above-named defendants ("Defendants").

This matter comes before the court on Plaintiff's motion to amend his complaint. [ECF No. 21].[1] Plaintiff's motion having been fully briefed [ECF Nos. 23, 25], it is ripe for disposition. Pursuant to the provisions of 28 U.S.C.

---

[1] As discussed more below, also before the court are Plaintiff's motions to be transferred and for discovery. [ECF Nos. 24, 26].

§ 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been assigned to the undersigned for all pretrial proceedings.

Fed. R. Civ. P. 15(a)(2) allows a party to amend a pleading with leave of court and further states "[t]he court should freely give leave when justice so requires." "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir. 2001) (citations and emphasis omitted).

Defendants note Plaintiff's proposed amended complaint "is essentially the same as Plaintiff's original Complaint, aside from formatting changes and additional details added to his factual allegations," but that the proposed amended complaint also seeks to add SCDC as a defendant. [ECF No. 23 at 1–2 (citing ECF No. 21-1)]. Defendants argue that because SCDC is entitled to Eleventh Amendment immunity from suit in federal court, Plaintiff's motion to amend should be denied as futile. *Id.*

The Eleventh Amendment prohibits federal courts from entertaining an action against a state. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890). Further, Eleventh Amendment immunity "extends to arm[s] of the State, including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (citations omitted),

2

because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). "As a state agency, SCDC is an arm of the State of South Carolina." *Abebe v. S.C. Dep't of Corr.*, C/A No. 0:09-3111-MBS-PJ, 2010 WL 2991595, at *2 (D.S.C. July 2, 2010), adopted in part, C/A No. 0:09-3111-MBS, 2010 WL 3258595 (D.S.C. Aug. 16, 2010). "As such, the Eleventh Amendment protects SCDC from suit whether money damages or injunctive relief is sought." *Id.* (citing *Alabama*, 438 U.S. at 782); *see also Simpson v. S.C. Dep't of Corr.*, C/A No. 2:19-2245-RMG-MGB, 2020 WL 1822176, at *3 (D.S.C. Jan. 16, 2020), report and recommendation adopted, C/A No. 2:19-2245-RMG, 2020 WL 582321 (D.S.C. Feb. 6, 2020) ("In other words, as a state agency, SCDC retains its immunity under the Eleventh Amendment, regardless of the type of relief sought.").

Plaintiff does not appear to dispute that SCDC is immune from suit in federal court for claims brought pursuant to 42 U.S.C. § 1983, but instead argues that SCDC is liable for the acts of its employees under the South Carolina Tort Claims Act ("SCTCA"). [*See* ECF No. 25 at 1].

However, as provided by the SCTCA, "[n]othing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of

3

the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina." *See* S.C. Code Ann. § 15-78-20(e); *see also Stewart v. Beaufort County*, 481 F. Supp. 2d 483, 493 (D.S.C. 2007); *Pringle v. SC Ret. Sys.*, C/A No. 2:06-3294-PMD, 2007 WL 295626, at *5 (D.S.C. Jan. 29, 2007). Here, because the circuit courts of South Carolina have exclusive jurisdiction over state-law claims against governmental entities pursuant to the SCTCA, *see* S.C. Code Ann. § 15-78-100(b), and because Plaintiff has brought suit in federal court, SCDC retains its immunity under the Eleventh Amendment for claims brought pursuant to the SCTCA. *See, e.g, Lyles v. Sterling*, C/A No. 9:17-149-CMC, 2018 WL 1737091, at *4 (D.S.C. Apr. 11, 2018), aff'd, 735 F. App'x 97 (4th Cir. 2018) ("Because Eleventh Amendment immunity has not been abrogated in this federal court, Plaintiff must sue the SCDOC [for violations of the SCTCA] in state court.").

Accordingly, to the extent Plaintiff seeks to amend his complaint to add SCDC as a defendant, such amendment would be futile, and his motion is denied in this respect. To the extent Plaintiff seeks to amend his complaint otherwise, his motion is granted.

Additionally, Plaintiff has filed a motion to be transferred to another facility. Plaintiff argues the officers where he is currently incarcerated, Perry Correctional Institution, have sexually assaulted him and are actively preventing his access to the courts by not providing him access to the law

4

library, lawbooks, or supplies and by going "through my legal work without me there and just tak[ing] what they want." [ECF No. 24]. Defendants did not respond to Plaintiff's motion.

"Only in extreme situations . . . would a federal court have the authority to order a State to transfer a prisoner . . . ." *Moore v. Tillman*, C/A No. 3:07-3209-RBH, 2008 WL 4442593, at *9 (D.S.C. Sept. 25, 2008), aff'd, 329 F. App'x 460 (4th Cir. 2009) (collecting cases). Although Plaintiff has alleged an extreme situation, his allegations are wholly unrelated to the allegations that form the basis of his instant suit and concern a separate facility. Plaintiff has failed to submit any evidence in support of his allegations, has not sworn as to the veracity of his allegations under penalty of perjury, nor has indicated he properly brought this claim to the attention of the institution in which he resides, stating only, without elaboration, that the "wardens here don't care" and "have been informed of these issues." [ECF No. 24]. Without more, the court is unable to grant Plaintiff's motion to transfer.

Next, Plaintiff filed a motion for discovery. [ECF No. 26]. However, Plaintiff fails to indicate he served this discovery on defense counsel as required under Fed. R. Civ. P. 33 and 34 and has instead submitted the discovery requests to the court. Additionally, the deadline for discovery expired during the pendency of Plaintiff's motion. Therefore, the court

5

provides Plaintiff with an additional 60 days from the date of this order to complete discovery to the extent he still seeks to serve on defense counsel the discovery he submitted to the court.

In sum, the undersigned denies Plaintiff's motion to amend to the extent he seeks to name SCDC as a defendant in this action, but otherwise grants Plaintiff's motion. [ECF No. 21]. The Clerk is directed to separately docket the amended complaint. [*See* ECF No. 21-1]. Additionally, the undersigned denies Plaintiff's motions to be transferred and for discovery. [ECF Nos. 24, 26]. To the extent Plaintiff seeks to serve on defense counsel the discovery requests he submitted to the court, discovery is to be completed no later than October 20, 2020. Any discovery requests must be served at least 30 days before the deadline.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 21, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge