IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig E. Ellerbe, Jr., ) | C/A No.: 1:20-1630-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Lieutenant Larry Cook, ) | |
| Corrections Officer Raycharm J. ) | |
| Burkett, Corrections Officer ) | ORDER AND REPORT AND |
| Thomas M. Pattman, Corrections ) | RECOMMENDATION |
| Officer Micquel X. Cleveland, ) | |
| Corrections Officer James E. ) | |
| Henderson, II, Corrections Officer ) | |
| Martin A. Delk, and Warden ) | |
| Michael Stephan, each in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Craig E. Ellerbe, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 and South Carolina law, alleging violations of his rights while an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"). He sues Larry Cook ("Cook"), Raycharm J. Burkett ("Burkett"), Thomas M. Pattman ("Pattman"), Micquel X. Cleveland ("Cleveland"), James E. Henderson, II ("Henderson"), Martin A. Delk ("Delk"), and Michael Stephan ("Stephan") (collectively "Defendants"). More specifically, Plaintiff asserts violations of his Eighth and Fourteenth

Amendment rights, as well as violation of the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70 ("SCTCA"), based on the alleged excessive force employed by some of the defendants against him on April 24, 2019.

This matter comes before the court on Defendants' motion for summary judgment. [ECF No. 50, *see also* ECF Nos. 58, 59 (response and reply to Defendants' motion for summary judgment)].[1] Also before the court are Plaintiff's motions to transfer, compel, and submit evidence. [ECF Nos. 39, 42, 63, *see also* ECF Nos. 46, 47 (response and reply to Plaintiff's motion to compel)]. Finally, Plaintiff has submitted a letter indicating he seeks to stay the instant action pending resolution of a related criminal case currently before the Court of General Sessions for Richland County ("state court"). [*See* ECF No. 48, *see also* ECF No. 49 (Defendants' response to Plaintiff's letter)].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. For the following reasons, the undersigned denies Plaintiff's motion to transfer, recommends the district judge stay the case pending resolution of Plaintiff's underlying criminal matter, and deny as premature Defendant's motion for summary judgment and Plaintiff's motions to compel and to submit evidence.

---

[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 51].

I.      Factual and Procedural Background

The parties agree that an incident occurred on April 24, 2019, but disagree on who initiated the altercation, with each side alleging they were attacked without provocation by the other while Plaintiff was housed in his cell at BRCI. [*See, e.g.,* ECF No. 28 at 6–7 (Plaintiff's alleging in unverified amended complaint that Cook, Burkett, Pattman, Cleveland, Henderson, and Delk went to his cell and attacked him), ECF No. 50 at 2 (Defendants alleging that the same officers were performing random, routine cell checks when Plaintiff attacked them)].[2] The parties agree that following the incident, criminal charges were brought against Plaintiff for attempted murder and carrying of a weapon by an inmate, and these charges are currently pending before the state court.[3]

---

[2] Defendants have submitted affidavits from Delk, Burkett, Cleveland, Cook, and Henderson in support of their version of the facts. [ECF No. 50-4]. Although Plaintiff has submitted relevant evidence in support of his claims, such as his medical records from the incident day, he has submitted no evidence that directly addresses what actions were taken by whom. [*See* ECF No. 58-1, ECF No. 63, ECF No. 63-1].

[3] This court takes judicial notice of Plaintiff's criminal cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). As stated above, currently pending before the state court are two charges against Plaintiff, attempted murder and carrying a weapon by an inmate, case numbers 2019A4010500111 and 2019A4010500112. *See* Public Index for the Richland County Clerk of Court Office (https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx, last visited on March 11, 2020).

3

Plaintiff was transferred from BRCI to Perry Correctional Institution ("PCI") during the pendency of this action. [*See* ECF No. 50-2]. On October 9, 2020, Plaintiff filed a motion to transfer, requesting a transfer from PCI to a different institution. [ECF No. 39]. On October 21, 2020, Plaintiff filed a motion to compel [ECF No. 42], stating he requested, but had not received, photographs of himself following the incident and documents regarding any investigation of the incident. *See id.* Defendants respond they are not in possession of this evidence and that "any and all documents and photographs regarding that incident have been turned over" to SCDC Police Service Division and "the criminal investigation is still pending which prohibits any documents from being released at this time." [*See* ECF No. 46 at 2, *see also* ECF No. 47 at 1 (Plaintiff stating that "[w]ithout the things requested, all the plaintiff has is his words and medical notes and records")].[4]

On November 19, 2020, Defendants' counsel attempted to depose Plaintiff. Defendants have submitted excerpts from that deposition in which

---

[4] Plaintiff has submitted evidence that his counsel in the pending criminal matter has tried to secure the same evidence, including evidence in support of the pending criminal charges against Plaintiff, and was provided with information from opposing counsel indicating that some of the evidence sought does not exist. [*See* ECF No. 58-1 at 6 (Ruston W. Neely, assistant solicitor, stating in state court as follows: "That is my understanding, is that that's the only media [one picture of the alleged weapon] that's—that we have as discovery and that have been provided to the defense. Certainly that is very strange for an attempted murder case of this nature to not have any victim photos of the injury or any videos.")].

4

Defendants' counsel discovered that Plaintiff was represented by counsel in the underlying criminal matter, including the following exchange:

> Q: And I don't know if I can talk to you about that incident, now knowing that you have a specific attorney, when that attorney doesn't know that this deposition's going on; does that make sense? . . . .
>
> A: Right. But from the way I feel about it, my understanding of it, is that my version of the truth and facts will remain the same whether I'm talking to you or to a judge in a criminal investigation or anybody else of that type . . . .
>
> Q: [W]e might need to adjourn this, get in touch with your criminal attorney, make sure she's ok with the deposition going forward or see if she wants to be involved in that deposition in the future . . . .

[*See* ECF No. 50-1]. Thereafter, the deposition ended, Plaintiff's criminal attorney was contacted by email, and she informed Defendants' counsel on December 2, 2020, also through email, that Plaintiff "is pleading the Fifth Amendment Privilege to prevent his deposition at this point." [*See* ECF No. 50-5 at 2].[5]

On December 21, 2020, Plaintiff filed a letter with the court stating as follows:

> I am not aware if the attorney for the defendant made it known to the court that he and my attorney for related criminal charges thought the case should be stayed pending outcome of those

---

[5] Plaintiff argues his criminal attorney had no authority to communicate to Defendants' counsel that Plaintiff is pleading the Fifth Amendment and Plaintiff "had every intention to complete the deposition," as evidenced by the conversation that occurred during the deposition. [ECF No. 58 at 4].

5

> charges. I don't know the proper format to file such a motion, and the defendant's attorney said he would file such a motion.

[ECF No. 48]. Defendants, in response, argue Plaintiff's representations are not true and that Defendants did not agree this matter should be stayed or that they would file any motion to that effect. [ECF No. 49].

On January 4, 2021, Defendants filed a motion for summary judgment, arguing (1) summary judgment is appropriate following Plaintiff's invocation of the Fifth Amendment, (2) the only evidence in the record shows Plaintiff's rights were not deprived, (3) Defendants are entitled to qualified immunity, and, at the least, (4) Stephan, as warden, is entitled to summary judgment. [ECF No. 50]. On March 8, 2021, Plaintiff filed a motion to submit evidence. [ECF No. 63].

II. Discussion

    A. Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact

cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

7

B.   Analysis

Defendants' primary argument in support of their motion for summary judgment is Plaintiff should not be allowed to file suit against Defendants and then use the Fifth Amendment as both "sword and shield." [*See, e.g.*, ECF No. 59 at 3 (citing *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) ("the Fifth Amendment privilege cannot be invoked as a shield to oppose depositions while discarding it for the limited purpose of making statements to support a summary judgment motion"))].

As stated above, Plaintiff argues he did not intend to invoke his Fifth Amendment rights and his counsel in the related, but separate, criminal matter had no authority to do so on his behalf in the present case. Setting aside these legitimate concerns, case law Defendants cite in support of their argument does not address the current issue before the court, whether a plaintiff's invocation of the Fifth Amendment warrants grant of summary judgment where a related criminal matter is pending in state court.[6] Instead,

---

[6] For example, in *Edmond*, the court was addressing "a party [who] seeks to invoke the Fifth Amendment to avoid discovery while offering an affidavit to compel a certain result on summary judgment." 934 F. 2d at 1308; *see also DIRECTV, Inc. v. Adkins*, 311 F. Supp. 2d 544, 548–49 (W.D. Va. 2004) (same). The court discerns no such selective assertion of a Fifth Amendment privilege here. Additional case law offered by Defendants is likewise inapposite where, here, Plaintiff has offered no affidavit or other evidence in support of his claims and argues he has been unable to do so because Defendants have not produced the needed discovery. *See, e.g., ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002) ("In a civil proceeding, a fact-

the case law of this circuit indicates that because Plaintiff has a related, pending criminal matter, a stay would be most appropriate. *See, e.g., Davis v. Richland Cty.*, C/A No. 4:12-3429-RMG, 2014 WL 3805802, at *5 (D.S.C. July 30, 2014) (staying case including claim for excessive force against law enforcement where the claim was at issue in plaintiff's pending criminal cases); *Lee v. Singleton*, C/A No. 8:11-2983-JMC-KFM, 2012 WL 1896062, at *17 (D.S.C. Jan. 9, 2012), report and recommendation adopted, C/A No. 8:11-CV-2983-JMC, 2012 WL 1895998 (D.S.C. May 24, 2012) (same); *Risher v. Chapman*, C/A No. 2:16-00292-DCN-MGB, 2018 WL 7824448, at *3 (D.S.C. Nov. 20, 2018), report and recommendation adopted, C/A No. 2:16-00292-DCN, 2019 WL 926414 (D.S.C. Feb. 26, 2019) (same); *Valencia v. Doe Officers*, C/A No. 6:13-634-MGL, 2014 WL 3687422, at *6 (D.S.C. July 23, 2014) (same); *Dickerson v. City of Charleston Police Dep't*, C/A No. 1:10-1625-TLW-SVH, 2011 WL 3880958, at *4 (D.S.C. Aug. 10, 2011), report and

---

finder is entitled to draw adverse inferences from a defendant's invocation of the privilege against self incrimination."); *United States v. Parcels of Land*, 903 F.2d 36, 43 (1st Cir. 1990) ("We hold that the district court had ample authority to strike Laliberte's affidavit after he invoked the Fifth amendment and refused to answer the government's deposition questions."). Finally, the court rejects Defendants' argument that, in this context, "Plaintiff's decision to remain silent is probative evidence that he attacked the officers." [ECF No. 50 at 5 (citing *United States v. Hale*, 422 U.S. 171, 176 (1975) ("Silence gains more probative weight where it persists in the face of accusation, since it is assumed in such circumstances that the accused would be more likely than not to dispute an untrue accusation. Failure to contest an assertion, however, is considered evidence of acquiescence only if it would have been natural under the circumstances to object to the assertion in question."))].

9

recommendation adopted, C/A No. 1:10-1625-TLW-SVH, 2011 WL 3881041 (D.S.C. Sept. 2, 2011) (same).

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. *Id.* at 486–87. In *Wallace v. Kato*, 549 U.S. 384 (2007), the Supreme Court clarified that *Heck* does not apply in the pre-conviction setting. *Id.* at 393. The Court went on to state that a stay of the 42 U.S.C. § 1983 action is appropriate in such instances:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393–94.

Here, Plaintiff is asking the federal court to make determinations identical to the determinations that must also be made in the state court, i.e., whether he is guilty of attacking the officers or whether he is an innocent party who was attacked. Based on the guidance of the *Wallace* court, the undersigned recommends this case be stayed pending resolution of Plaintiff's criminal charges. It is further recommended that Plaintiff be ordered to

10

apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved and the stay can be lifted.

C.  Remaining Motions

In light of the undersigned's recommendation that the case be stayed, it is also recommended that Defendants' motion for summary judgment and Plaintiff's motions to compel and to submit evidence be denied without prejudice as premature at this time.[7]

Regarding his motion to transfer, Plaintiff renews his request to be transferred to another facility. The undersigned has previously denied Plaintiff's same request [ECF No. 27] and denies this motion for similar reasons, as discussed below.

Plaintiff argues the officers at PCI have engaged in acts of harassment and retaliation for Plaintiff's filing the instant case by sexually assaulting him by stripping him of his clothes in front of multiple other people, are actively preventing his access to the courts by denying him access to the law library, lawbooks, or supplies, and are not providing him showers and proper

---

[7] This recommendation is further buttressed by the Fourth Circuit's recent holding in *Goodman v. Diggs*, 986 F.3d 493 (4th Cir. 2021). In that case, the court found "summary judgment was premature because outstanding discovery requests existed on material issues" where the prisoner alleged correctional officers employed excessive force and where the prisoner sought, as does Plaintiff here, "photographs, records, reports, and eyewitness testimony material to his Eighth Amendment claim." *Id.* at 500.

11

portions of food. [ECF No. 39]. Plaintiff swears under penalty of perjury to the truth of allegations, submits declarations from other inmates, and details the steps he has taken to inform multiple people at PCI of his claims. *See id.*[8] Defendants did not respond to Plaintiff's motion.

> As has been held by this court:
>
> Only in extreme situations, not pleaded here, would a federal court have the authority to order a State to transfer a prisoner and then, usually, it would be in the discretion of the State to select another appropriate facility. *See Streeter v. Hopper*, 618 F.2d 1178, 1182 (5th Cir.1980), *Walker v. Lockhart*, 713 F.2d 1378 (8th Cir.1983); *Moore v. Schuetzle*, 486 F.Supp.2d 969, 988–982 (D.N.D.2007).
>
> *Moore v. Tillman*, C/A No. 3:07-3209-RBH, 2008 WL 4442593, at *9 (D.S.C. Sept. 25, 2008), *aff'd*, 329 F. App'x 460 (4th Cir. 2009).

Plaintiff's second motion to transfer makes clearer than his first that, although he has put forth troubling allegations, he has not alleged an "extreme situation" as contemplated by the courts that have transferred prisoners. *See, e.g., Streeter*, 618 F.2d at 1182 (finding "that the two Petitioners' lives and safety are in danger where they are presently being

---

[8] In previously denying Plaintiff's motion to transfer, the undersigned stated, in part, that "Plaintiff has failed to submit any evidence in support of his allegations, has not sworn as to the veracity of his allegations under penalty of perjury, nor has indicated he properly brought this claim to the attention of the institution in which he resides, stating only, without elaboration, that the 'wardens here don't care' and 'have been informed of these issues.' [ECF No. 24]. Without more, the court is unable to grant Plaintiff's motion to transfer." [ECF No. 27 at 5].

12

incarcerated, and further that because of the particular and unusual facts of their situation the safety of these two prisoners cannot be adequately guaranteed while retained at the Reidsville facility"); *Walker*, 713 F.2d at 1383 (finding undisputed evidence, in part provided by Arkansas authorities, that the prisoner "faces increased danger in the Arkansas prison system"); *see also Moore*, 486 F.Supp.2d at 981–82 ("Moore has failed to produce any evidence that would even remotely suggest that there is any risk of physical danger or threat to his safety that would warrant a transfer of custody as was done in *Walker* and *Streeter*."). Accordingly, the undersigned denies Plaintiff's motion to transfer.[9]

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned denies Plaintiff's motion to transfer [ECF No. 39] and recommends this case be stayed pending resolution of Plaintiff's criminal charges. It is further recommended that Plaintiff be ordered to apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal

---

[9] Plaintiff indicates he is pursuing administrative remedies at PCI. The undersigned notes that before Plaintiff can seek recourse in the courts, under the Prison Litigation Reform Act, he must exhaust his available administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

charges are resolved and the stay can be lifted. It is also recommended that Defendants' motion for summary judgment [ECF No. 50] and Plaintiff's motions to compel and to submit evidence [ECF Nos. 42, 63] be denied without prejudice as premature at this time.

    IT IS SO ORDERED AND RECOMMENDED.

March 12, 2021                                            Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).