IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig E. Ellerbe, Jr.,                              )<br>                                                         )<br>                Plaintiff,          )<br>                                                         )<br>                vs.                   )<br>                                                         )<br>Lieutenant Larry Cook, Corrections Officer )<br>Raycharm J. Burkett, Corrections Officer    )<br>Thomas M. Pattman, Corrections officer     )<br>Micquel X. Cleveland, Corrections Officer  )<br>James E. Henderson, II, Corrections Officer )<br>Martin A. Delk, and Warden Michael        )<br>Stephan, each in their individual and official )<br>capacities,                                           )<br>                                                         )<br>              Defendants.     )<br>_____) | Case No.: 1:20-cv-01630-JD-SVH<br><br>**OPINION & ORDER** |

This matter is before the Court with the Report and Recommendation of United States Magistrate Shiva V. Hodges ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1]  Craig E. Ellerbe, Jr. ("Plaintiff"), proceeding *pro se* and in forma pauperis, seeks damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 and alleged violations of the his Eighth and Fourteenth Amendment rights and the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-70 ("SCTCA"), arising out of the alleged excessive force employed by some of the defendants against him on April 24, 2019, while he was an inmate at the Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC").

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

The captioned Defendants filed a motion for summary judgment on January 4, 2021. (DE 50.) Plaintiff filed a response in opposition on February 26, 2021. (DE 58.) Defendants filed a reply thereto on March 5, 2021. (DE 59.) Plaintiff filed several motions: motion to transfer (DE 39),[2] motion to compel (DE 42), and a motion to submit evidence (DE 63). In response, Defendants filed a response in opposition to Plaintiff's Motion to Compel. (DE 46.) Plaintiff thereafter filed a reply to the response. (DE 47.) Finally, Plaintiff submitted a letter indicating he seeks to stay the instant action pending resolution of a related criminal case currently before the Court of General Sessions for Richland County ("state court"). (DE 48.) Defendants filed a response opposing a stay. (DE 49.) For the reasons set forth below, the Court adopts the Report and Recommendation and orders that this case be stayed pending resolution of Plaintiff's criminal charges, and Defendants' motion for summary judgment and Plaintiff's motions to compel and to submit evidence are denied without prejudice as premature at this time.

## BACKGROUND

A full recitation of facts is set forth in the Report and Recommendation. However, the following simplification of facts is sufficient for the matters addressed herein. The parties agree that an incident occurred on April 24, 2019, but disagree on who initiated the altercation, with each side alleging they were attacked without provocation by the other while Plaintiff was housed in his cell at BRCI. (DE 28, pp. 6-7; DE 50, p. 2.) The parties agree that following the incident, criminal charges were brought against Plaintiff for attempted murder and carrying of a weapon by an inmate, and these charges are currently pending before the state court.

---

[2] Judge Hodges denied Plaintiff's Motion for Transfer as part of the Report and Recommendation.

**DISCUSSION**

The Report and Recommendation issued on March 12, 2021, recommends that this case be stayed pending resolution of Plaintiff's criminal charges, the Plaintiff be ordered to apprise the court of the status of the criminal proceedings every six months and to notify the court when the criminal charges are resolved and the stay can be lifted, and Defendants' motion for summary judgment and Plaintiff's motions to compel and to submit evidence be denied without prejudice as premature at this time. (DE 66.) Defendants filed objections to the Report and Recommendation on March 26, 2021. (DE 68.)

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Defendants made several objections, which will be discussed *seriatim*. First, Defendants object to the Report and Recommendation regarding the issue before the court being whether the Plaintiff's invocation of the Fifth Amendment warrants grant of summary judgment when a related criminal matter is pending in state court. Defendants

3

contend that the relevant question is whether "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law," in accordance with Rule 56(a) of the Federal Rules of Civil Procedure. (DE 68, p. 4.) The Court is not persuaded by this argument. The Report and Recommendation cites to two United States Supreme Court opinions that are instructive. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a state prisoner cannot bring a 42 U.S.C. § 1983 suit for damages where a judgment in favor of the prisoner would necessarily imply the invalidity of his conviction or sentence. Id. at 486–87. In Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court clarified that Heck does not apply in the pre-conviction setting. Id. at 393. The Court went on to state that a stay of the 42 U.S.C. § 1983 action is appropriate in such instances:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended . . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393–94.

Here, Plaintiff is asking the federal court to make determinations identical to the determinations that must also be made in the state court, i.e., whether he is guilty of attacking the officers or whether he is an innocent party who was attacked. Defendants fail to address these cases or offer any other case law of equal weight to challenge them. Therefore, in accordance with Heck and Wallace, a stay would be appropriate pending the adjudication of the criminal charges.

Second, Defendants object to the Report and Recommendation declining to assign probative value to Plaintiff's decision to remain silent. (DE 68, p. 5.) Defendants miss the point

of the stay. Nothing would prevent the Court from assigning probative weight to the Plaintiff's decision to remain silent at the time of an adjudication on the merits.

Finally, Defendants merely restate its argument that *Plaintiff* chose to bring a civil action against Defendants during the pendency of these criminal charges. Given the Supreme Court decisions relevant to this case discussed above, this argument fails.

Accordingly, after review, the Court finds that Defendants' objections are without merit. Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this case is stayed pending resolution of Plaintiff's criminal charges, and the Plaintiff shall provide the Court with the status of the criminal proceedings every six months from the date of this Order and notify the Court when the criminal charges are resolved and the stay will be lifted; and Defendants' motion for summary judgment and Plaintiff's motions to compel and to submit evidence are denied without prejudice as premature at this time.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 15, 2021

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.